FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2008 OCT 15  P 3: 16

CLERK US [illegible] COURT
ALEXANDRIA, VIRGINIA

TPI HOLDINGS, INC., and DOMINION
ENTERPRISES,

)
)
)

Plaintiffs,

)
)

Civil Action No. 1:08CV1073

)
)

GBL/JFA

v.

)
)

RICHARD GOLDSTON individually and dba
AMERICAN TECHNICAL SERVICE,

)
)
)
)

Defendant,

)

## COMPLAINT

Plaintiffs TPI Holdings, Inc. and Dominion Enterprises (collectively "TPI") state the following for their Complaint against Defendant Richard Goldston individually and doing business as American Technical Service ("Defendant"):

### Nature of the Action

1.      This is an action at law and in equity for trademark infringement, cybersquatting, and unfair competition arising under the federal Lanham Act, codified as amended at 15 U.S.C. §§ 1051-1127, the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), and the common law.

### Jurisdiction and Venue

2.      This Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 15 U.S.C. §§ 1331 and 1338.

3.      This Court has personal jurisdiction over Defendant because Defendant is transacting business within this district, has engaged in acts or omissions within this district

1

causing injury, or has otherwise made or established contacts with this district sufficient to permit the exercise of personal jurisdiction.

4.    Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this district.

### Parties

5.    Plaintiff TPI Holdings, Inc. ("TPI") is a corporation organized under the laws of the State of Delaware with its principal place of business located in Atlanta, Georgia. TPI is the owner of the trademarks and trademark registrations at issue in this suit.

6.    Plaintiff Dominion Enterprises ("Dominion") is a partnership organized under the laws of Virginia, with its principal place of business located in this District, in Norfolk, Virginia. Dominion is an affiliate of TPI, the licensee of the trademarks at issue in this suit and the registrant of the domain names consisting of the trademarks at issue. TPI, Dominion, and their predecessors and affiliates are collectively hereinafter referred to as "TPI" or "Plaintiffs."

7.    Defendant Goldston is an individual who sometimes does business as American Technical Service. He may be served at 603 Broad Street, Beaufort, North Carolina 28516. Defendant controls the domain names at issue in this case, having registered some in his name individually and some in the name of American Technical Service.

### FACTUAL BACKGROUND

### TPI's Trademark and Service Mark Rights

8.    For more than thirty years, TPI has adopted and used a family of trademarks using the term "TRADER" in conjunction with another term or phrase, such as "BARGAIN," "AUTO," or "FREE ADS" (the "TRADER Marks"), including the marks AUTO TRADER,

2

AERO TRADER, BARGAIN TRADER, BOAT TRADER, CYCLE TRADER, RV TRADER,

TRADER PLUS, TRADER ONLINE, and TRUCK TRADER, among others.

9.      From the beginning, TPI used the TRADER family of marks in connection with a

number of different print publications offering classified advertising distributed throughout the

United States.  In more recent years, in addition to the print publications, TPI has also offered

classified advertising online in connection with the TRADER Marks.

10.      TPI is the owner of multiple federal registrations for its TRADER Marks,

including the following:

| Mark | Reg. No. | Reg. Date |
|---|---|---|
| AERO TRADER | 2288805 | 10/26/1999 |
| AERO TRADERONLINE.COM | 2873918 | 08/17/2004 |
| AUTO TRADER | 2390815 | 10/03/2000 |
| AUTO TRADER | 1247037 | 08/02/1983 |
| AUTOTRADER.COM | 2381590 | 08/29/2000 |
| BARGAIN TRADER | 2294228 | 11/23/1999 |
| BARGAIN TRADER | 1207204 | 09/07/1982 |
| BARGAIN TRADERONLINE.COM | 2901427 | 11/09/2004 |
| BIG TRUCK TRADER | 2829945 | 04/06/2004 |
| BOAT & RV TRADER | 1450690 | 08/04/1987 |
| BOAT TRADER | 2389118 | 09/26/2000 |
| BOAT TRADER | 1208249 | 09/14/1982 |
| BOAT TRADERONLINE.COM | 2873930 | 08/17/2004 |
| COLLECTOR CAR TRADER | 2294233 | 11/23/1999 |
| COLLECTOR CAR TRADERONLINE.COM | 2873929 | 08/17/2004 |
| CYCLE TRADER | 2294240 | 11/23/1999 |
| CYCLE TRADER | 1627016 | 12/11/1990 |
| CYCLE, BOAT, & RV TRADER | 1450707 | 08/04/1987 |
| FREE ADS TRADER | 1886026 | 03/28/1995 |
| LUXURY CAR TRADER | 2700080 | 03/25/2003 |
| OLD CAR TRADER | 1911290 | 08/15/1995 |
| OLD CAR TRADER | 2348530 | 05/09/2000 |
| PICK-UP TRADER | 1644398 | 05/14/1991 |
| PICK-UP TRADER | 2295507 | 11/30/1999 |
| RV TRADER | 2294239 | 11/23/1999 |
| RV TRADER | 1822663 | 02/22/1994 |
| RV TRADERONLINE.COM | 2876679 | 08/24/2004 |
| TRADER ONLINE | 2302312 | 12/21/1999 |

US2000 11024029 6

| Mark | Reg. No. | Reg. Date |
|------|----------|-----------|
| TRADER PLUS | 2885985 | 09/21/2004 |
| TRADER TIMES | 1718017 | 09/22/1992 |
| TRADERONLINE.COM | 3161680 | 10/24/2006 |
| TRUCK TRADER | 2817176 | 02/24/2004 |
| TRUCK TRADERONLINE.COM | 2871209 | 08/10/2004 |
| YACHT TRADER | 1648145 | 06/18/1991 |
| YACHT TRADER | 2349954 | 05/16/2000 |
| YACHT TRADERONLINE.COM | 3173201 | 11/21/2006 |

True and correct copies of print-outs from the U.S. Patent and Trademark Office online database showing these registrations are attached as **Exhibit A**. All of these registrations constitute prima facie evidence, and those that are incontestable constitute conclusive evidence, of the validity of the marks and TPI's exclusive right to use the marks in connection with the goods and services specified in the registrations.

11.    Since the adoption of each of its TRADER Marks, TPI has made widespread and continuous use of them, and promoted them together, in connection with services offered to the public throughout the United States.

12.    Specifically TPI, through its predecessors in interest, began using the BARGAIN TRADER mark at least as early as 1975 and together with its predecessors, has used it continuously since that time in connection with print publications distributed throughout the United States that provide advertising and information about a wide variety of goods for sale. A true and correct copy of the front cover of a BARGAIN TRADER magazine is attached as **Exhibit B**.

13.    Beginning in at least September, 1999, TPI extended use of the BARGAIN TRADER mark to provide advertising and merchandising classifieds via an online electronic communications network. Since that time, TPI has featured its offerings under the BARGAIN TRADER mark at websites accessible under the bargaintraderonline.com, bargaintrader.com,

4

and traderonline.com domains. A true and correct print-out of the homepage reached through the domain names bargaintrader.com and bargaintraderonline.com is attached as **Exhibit C**.

14.     Plaintiffs offer classified advertising on its BARGAIN TRADER website relating to animals, business, collectibles, electronics, personal goods, real estate, home goods, sports and fitness, and vehicle parts and accessories, among other things.

15.     TPI received a federal registration for the BARGAIN TRADER mark on September 7, 1982 and for the BARGAIN TRADERONLINE.COM mark on November 9, 2004. True and correct copies of the certificates of registration are attached as **Exhibits D and E.**

16.     In addition, TPI, through its predecessors in interest, began using the BOAT TRADER mark at least as early as 1976 and together with its predecessors, has used it continuously since that time in connection with print publications distributed throughout the United States that provide advertising and information about boats for sale and related goods and services. A true and correct copy of the front cover of a BOAT TRADER magazine is attached as **Exhibit F.**

17.     Beginning in at least 1996, TPI extended use of the BOAT TRADER mark to provide advertising and merchandising classifieds respecting boats and related goods and services via an online electronic communications network. Since that time, TPI has featured its offerings under the BOAT TRADER mark at its boattrader.com, boattraderonline.com and traderonline.com websites. A true and correct print-out of the homepage reached through the domain names boattrader.com and boattraderonline.com is attached as **Exhibit G.**

18.     TPI received a federal registration for the BOAT TRADER mark on September 14, 1982 and for the BOAT TRADERONLINE.COM mark on August 17, 2004. True and correct copies of the certificates of registration are attached as **Exhibits H and I.**

5

19.     TPI and its predecessors in interest have invested more than thirty years of continuous and substantial corporate efforts and hundreds of millions of dollars to strengthen and promote the reliability of goods and services provided under, and identified by, its family of TRADER Marks, distributing hundreds of millions of magazines through tens of thousands of outlets. Its online sites operated under the TRADER marks have carried millions of ads and attract hundreds of millions of visitors annually.

20.     In short, as a result of TPI's substantial and continuous use and marketing of its BOAT TRADER and BARGAIN TRADER marks and its other TRADER Marks, the marks have become extremely well known to the public as exclusive source identifiers of TPI's high quality reliable services. The public has come to associate the BOAT TRADER, BARGAIN TRADER, BOATTRADERONELINE.COM and BARGAIN TRADERONLINE.COM marks with TPI's online classifieds advertising.

Defendant's Wrongful Acts

21.     Long after TPI's marks had become well known as source identifiers for TPI's advertising services, in an attempt to trade on TPI's good will, Defendant registered and began using a host of domain names consisting of BARGAIN TRADER coupled with various geographic designations, such as "US or "VA" as follows:

| |
|---|
| ALBARGAINTRADER.COM |
| AZBARGAINTRADER.COM |
| COBARGAINTRADER.COM |
| CTBARGAINTRADER.COM |
| DCBARGAINTRADER.COM |
| DEBARGAINTRADER.COM |
| FLORIDABARGAINTRADER.COM |
| HABARGAINTRADER.COM |
| HIBARGAINTRADER.COM |
| IABARGAINTRADER.COM |
| IDBARGAINTRADER.COM |
| KSBARGAINTRADER.COM |
| KYBARGAINTRADER.COM |

6

| |
|---|
| LABARGAINTRADER.COM |
| MABARGAINTRADER.COM |
| MDBARGAINTRADER.COM |
| MIBARGAINTRADER.COM |
| MNBARGAINTRADER.COM |
| MOBARGAINTRADER.COM |
| MSBARGAINTRADER.COM |
| MTBARGAINTRADER.COM |
| NDBARGAINTRADER.COM |
| NEBARGAINTRADER.COM |
| NHBARGAINTRADER.COM |
| NJBARGAINTRADER.COM |
| NMBARGAINTRADER.COM |
| NVBARGAINTRADER.COM |
| OHBARGAINTRADER.COM |
| OKBARGAINTRADER.COM |
| ORBARGAINTRADER.COM |
| RIBARGAINTRADER.COM |
| SDBARGAINTRADER.COM |
| TNBARGAINTRADER.COM |
| USABARGAINTRADER.COM |
| UTBARGAINTRADER.COM |
| VTBARGAINTRADER.COM |
| WABARGAINTRADER.COM |
| WIBARGAINTRADER.COM |
| WVBARGAINTRADER.COM |
| WYBARGAINTRADER.COM |
| AKBARGAINTRADER.COM |
| ARBARGAINTRADER.COM |
| INBARGAINTRADER.COM |
| MEBARGAINTRADER.COM |
| USBARGAINTRADER.COM |
| PRBARGAINTRADER.COM |
| CABARGAINTRADER.COM |
| ILBARGAINTRADER.COM |
| NYBARGAINTRADER.COM |
| PABARGAINTRADER.COM |
| TXBARGAINTRADER.COM |
| FLBARGAINTRADER.COM |
| GABARGAINTRADER.COM |
| SCBARGAINTRADER.COM |
| VABARGAINTRADER.COM |
| MDBOATTRADER.COM |
| NYBOATTRADER.COM |
| VABOATTRADER.COM |

US2000 11024029 6

(collectively, "Infringing Bargain Trader Domains"). Furthermore, Defendant registered and began using mdboattrader.com, nyboattrader.com and vaboattrader.com (collectively, "Infringing Boat Trader Domains"). (All of the foregoing domains shall be hereinafter collectively referred to as the "Infringing Domain Names"). True and correct copies of database searches for the Infringing Domain Names, showing either Goldston or his fictitious business name, American Technical Service, as the owner, are attached as **Exhibit J**.

22.    Defendant is using the "Infringing Bargain Trader Domains" to operate websites under various "BARGAIN TRADER" names including "US BARGAIN TRADER," "GA BARGAIN TRADER," and "VA BARGAIN TRADER." Defendant's sites offer advertising and merchandising classifieds in direct competition with TPI's sites. A true and correct copy of a printout of the homepage for the US BARGAIN TRADER website is attached as **Exhibit K**, and a true and correct copy of a printout of the homepage for the VA BARGAIN TRADER site is attached as **Exhibit L**.

23.    Each of Defendant's BARGAIN TRADER sites uses the same format. For example, Defendant's US BARGAIN TRADER website includes a page listing the categories for which advertisements are sorted (located at http://usbargaintrader.com/category.php) attached as **Exhibit M** is a printout of this web page. This page is entitled "US BARGAIN TRADER – Local Classified Ads" in the site's HTML code, which instructs a user's web browser to display this title in their browser. This page lists advertising categories of the same types as TPI offers, such as: Cars/Hybrids, Trucks/SUVs, Motorcycles/ATV, Boats/Watercraft, Campers/RV's, Furniture/Appliance, Service/Business, Real Estate, Hobby/Sport, Pets/Livestock, Parts/Tools, Miscellaneous, and Computer/Electronics.

8

24.    Defendant is using the Infringing Boat Trader Domains to operate click-through advertising sites on which Defendant lists advertising for sites that appear to compete directly with TPI. Defendant operates these sites in order to collect revenue whenever a user "clicks on" the advertising link for one of the advertised sites.

25.    On information and belief, Defendant had actual knowledge of TPI's rights and marks because of TPI's longstanding and extensive use of its family of TRADER Marks. Defendant is also charged with knowledge of TPI's rights because of TPI's multiple trademark registrations.

26.    Defendant's marks are essentially identical to Plaintiffs' marks. Defendant's addition of terms such as "US" or "VA" is inconsequential, as the words "bargain trader" are the salient portion of Defendant's BARGAIN TRADER marks and the words "boat trader" are the salient portion of Defendant's BOAT TRADER marks. Consumers will construe such terms "US" or "VA" to signify a geographical region and continue to identify the term "BARGAIN TRADER" or "BOAT TRADER" as the source-identifying term.

27.    Defendant is offering advertising services under his BARGAIN TRADER marks that are essentially identical to the advertising services that Plaintiffs offer. Defendant is offering advertising services under his BOAT TRADER marks and diverting internet users to sites that offer services identical to the advertising services that Plaintiffs offer.

28.    Defendant is intentionally seeking to cause confusion and trade on TPI's goodwill in its TRADER family of marks in order to reap undeserved profits.

29.    Defendant's use of marks that are confusingly similar to TPI's TRADER Marks is deceiving the public, causing irreparable harm and damage to TPI, and unlawfully generating income for Defendant.

9

30.     Although TPI has communicated its objection to Defendant regarding

Defendant's infringement, Defendant has continued his unlawful conduct.

## COUNT I
## VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT

31.     TPI repeats and incorporates by reference the allegations contained in Paragraphs

1 through 30 as if set forth fully herein.

32.     By registering and using the Infringing Domain Names, Defendant has registered,

trafficked in, and used domain names that are confusingly similar to TPI's BARGAIN TRADER

and BOAT TRADER Marks.  Defendant registered the Infringing Domain Names with the bad

faith intent of profiting unlawfully from TPI's BARGAIN TRADER and BOAT TRADER

Marks.

33.     Defendant registered and is using the Infringing Domain Names with the intent to

divert consumers from TPI's online locations to websites accessible under and via the Infringing

Domain Names and with the bad faith intent to profit from Plaintiff's marks by creating a

likelihood of confusion as to source, sponsorship, affiliation, or endorsement of the site.  Because

of Defendant's registration of multiple domains that he knows are confusingly similar to

Plaintiffs' marks, Defendant has engaged in a pattern of registering and using infringing marks,

further demonstrating his bad faith intent.

34.     Defendant is in fact deriving profit from the use of the Infringing Domain Names

and the consequent confusion of internet users.

35.     Defendant's actions constitute cyberpiracy in violation of 15 U.S.C. § 1125(d).

36.     The unauthorized registration and use of the Infringing Domain Names has

caused and unless enjoined, Defendant's registration and continued use of the Infringing Domain

10

Names will continue to cause, irreparable injury to TPI and to the goodwill associated with TPI's BARGAIN TRADER and BOAT TRADER Marks.

37.     Because Defendant's infringing conduct is causing and is likely to cause substantial injury to the public and to TPI, TPI is entitled to injunctive relief, and to recover either statutory damages under 15 U.S.C. § 1117(d) or Defendant's trebled profits, together with TPI's costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

**COUNT II**
**FEDERAL TRADEMARK AND SERVICE MARK INFRINGEMENT**

38.     TPI repeats and incorporates by reference the allegations contained in Paragraphs 1 through 30 as if set forth fully herein.

39.     Defendant's unauthorized use of confusingly similar imitations of TPI's registered BARGAIN TRADER and BOAT TRADER Marks is causing and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that his business and services are affiliated, connected, or associated with TPI or have the sponsorship, endorsement, or approval of TPI, all in violation of 15 U.S.C. § 1114.

40.     Defendant's unauthorized use of confusingly similar imitations of TPI's registered BARGAIN TRADER and BOAT TRADER Marks, notwithstanding his knowledge of TPI's ownership of the BARGAIN TRADER and BOAT TRADER Marks, demonstrates an intentional, willful, and bad faith intent to trade on the goodwill of TPI's BARGAIN TRADER Mark and to cause confusion, deception, and mistake in the minds of TPI's customers and potential customers to the great and irreparable injury of TPI.  Defendant has acted knowingly and has been unjustly enriched thereby.

US2000 11024029 6

41.     Because Defendant's conduct is causing and is likely to cause substantial injury to the public and to TPI, TPI is entitled to injunctive relief, and to recover Defendant's trebled profits, TPI's costs, and TPI's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT III
## FEDERAL UNFAIR COMPETITION

42.     TPI repeats and incorporates by reference the allegations contained in Paragraphs 1 through 30 as if set forth fully herein.

43.     Defendant's use of confusingly similar imitations of TPI's BARGAIN TRADER and BOAT TRADER Marks is causing and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's businesses are affiliated, connected, or associated with TPI or have the sponsorship, endorsement, or approval of TPI, in violation of 15 U.S.C. § 1125(a).

44.     Defendant's actions demonstrate an intentional, willful, and bad faith intent to trade on TPI's goodwill and to cause confusion, deception, and mistake in the minds of TPI's customers and potential customers by implying a nonexistent affiliation or relationship between Defendant and TPI to the great and irreparable injury of TPI.

45.     Because Defendant's unfair competition is causing and is likely to cause substantial injury to the public and to TPI, TPI is entitled to injunctive relief, and to recover Defendant's trebled profits, TPI's costs, and TPI's reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1116 and 1117.

## COUNT IV
## COMMON LAW INFRINGEMENT AND UNFAIR COMPETITION

46.     TPI repeats and incorporates by reference the allegations contained in Paragraphs 1 through 30 as if set forth fully herein.

47.     Defendant has used confusingly similar imitations of TPI's BARGAIN TRADER and BOAT TRADER Marks with full knowledge of TPI's rights to the marks and with the willful and calculated purpose of trading upon TPI's established goodwill and business reputation, and in a manner calculated to imply false sponsorship of or approval by TPI, for the purpose of misleading and deceiving the public.

48.     Defendant has used confusingly similar imitations of TPI's electronic URL addresses, bargaintrader.com, bargaintraderonline.com, boattrader.com, and boattraderonline.com with full knowledge of TPI's rights, and with the willful and calculated purpose of trading upon TPI's established goodwill and business reputation, and in a manner calculated to imply false sponsorship of or approval by TPI, for the purpose of misleading and deceiving the public.

49.     Defendant's conduct constitutes infringement of TPI's common law rights to the BARGAIN TRADER and BOAT TRADER Marks and has damaged and will continue to damage irreparably TPI's goodwill and reputation unless enjoined by this Court.

50.     Independent of their liability for common law infringement, Defendant also engaged in unfair competition under the common law of Virginia and the other states in which he has engaged in his activities through his attempted reliance on consumer mistakes and confusion, and his deliberate efforts to poach upon TPI's goodwill.

## PRAYER FOR RELIEF

WHEREFORE, TPI prays:

1.     That Defendant, his partners, agents, employees, and all persons in active concert or participation with Defendant, be preliminarily and permanently enjoined and restrained from:

13

     (a)    using the Infringing Domain Names and any trademark, company name, or domain name that is confusingly similar to TPI's BARGAIN TRADER and BOAT TRADER Marks;

     (b)    engaging in any other conduct which will cause, or is likely to cause, confusion, mistake, deception, or misunderstanding as to the affiliation, connection, association, origin, sponsorship, or approval of Defendant's online business, products, or services with or by TPI;

     (c)    otherwise infringing upon TPI's BARGAIN TRADER Mark, BARGAIN TRADERONLINE.COM Mark, BOAT TRADER Mark, or BOATTRADERONLINE.COM Mark, or unfairly competing with TPI in any manner whatsoever; and

2.    That Defendant be ordered to transfer and assign to TPI the Infringing Domain Names.

3.    That an accounting be ordered and judgment be rendered against Defendant for all profits received from the sale, rental, or provision of products or services directly or indirectly in connection with, or advertised or promoted in any manner, utilizing the Infringing Domain Names and confusingly similar imitations of TPI's BARGAIN TRADER and BOAT TRADER Marks.

4.    That the award of profits resulting from Defendant's infringement, unfair competition, and false designation of origin of products and services be trebled.

5.    That TPI recover its actual damages.

6.    That the award of actual damages from Defendant's infringement, unfair competition, and false designation of origin of products and services be trebled.

14

7.    That TPI recover statutory damages under 15 U.S.C. § 1117(d) in the amount of $100,000.00 per Infringing Domain Name.

8.    That Defendant be required to deliver up for destruction all advertising and promotional materials, labels, cartons, brochures, business stationary, calling cards, information sheets, posters, signs, and any and all other printed or graphic materials of any type, including the plates, molds, or other means of producing the materials, which bear references to TPI's BARGAIN TRADER or BOAT TRADER Marks, confusingly similar imitations of TPI's BARGAIN TRADER and/or BOAT TRADER Marks, or to any of the Infringing Domain Names.

9.    That Defendant be directed to file with the Court and serve on TPI, within thirty (30) days after entry of a final injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

10.    That TPI be awarded its costs in connection with this suit, including reasonable attorneys' fees and expenses.

11.    That TPI have such other and further relief as the Court may deem just and proper.

This the **15th** day of October, 2008.

Daniel H. Marti (Virginia Bar No. 46358)
KILPATRICK STOCKTON, LLP
607 14th Street, NW
Washington, DC 20005-2018
(202) 508-5875 (telephone)
(202) 585-0033 (facsimile)
Attorney for Plaintiff

15

US2000 11024029 6